(91 South. 756)

No. 22557.

## VENTRISS BROS. v. BOUANCHAUD, , Sheriff, et al.

(April 23, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Constitutional law** ⬯283—**Drains** ⬯18—Purchasers of bonds in good faith entitled to have tax levied, though proceeds of bonds misappropriated and levy does not deny due process.

Purchasers of drainage district bonds issued in accordance with the forms and requirements of law in good faith and before maturity will be protected in their purchase and are entitled to have the tax voted and authorized to retire them levied, though the governing authorities contemplated using the proceeds of the bonds, and in fact did use them, for purposes other than those authorized, and the levy of such tax does not violate the due process clause of Const. U. S. Amend. 14.

2. **Drains** ⬯18—Purchase of bonds presumed to have been in good faith.

In the absence of any contrary showing, the presumption is that the purchase of drainage district bonds, the proceeds of which were misappropriated by the governing authorities of the district, was made in good faith.

Appeal from Twenty-First Judicial District Court, Parish of Pointe Coupee; Joseph E. Le Blanc, Jr., Judge.

Suit by Ventriss Brothers against Lamartine Bouanchaud, Sheriff, and others. From a judgment maintaining an exception of no cause of action, plaintiffs appeal. Affirmed.

Claiborne & Claiborne, of New Roads, for appellants.

Bouanchaud & Kearney, of New Roads, for appellees.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

OVERTON, J. This case comes before us on an appeal from a judgment maintaining an exception of no cause of action.

Appellants are the owners of various tracts of land on the Island of False River, in the parish of Pointe Coupee. The police jury of that parish, at some time, not shown by the petition, created a drainage district known as the Bayou Cirie and Island drainage district, and included in it all of the land on the Island of False River, and none other, thus including the lands of appellants. A board of commissioners was duly appointed for the district, and issued bonds to the amount of $17,000, and to retire the bonds an acreage tax of 10 cents an acre was authorized for a period of 15 years. The petition then declares that—

"In levying said acreage tax and in issuing said bonds the said board pretended that the funds derived therefrom were to be used solely for the drainage of the lands on the Island of False River, when in truth and in fact all of the proceeds of the sale of the aforesaid bonds have been expended outside of the limits of said drainage district and in no manner for the benefit of drainage of the lands of petitioner or of any lands on said Island of False River, and said funds have all been illegally and fraudulently used and expended for work outside of the limits of said drainage district, and not for the benefit of said drainage district, but for the benefit of individuals owning lands outside of said district."

The petition then recites that "all of the money derived and to be derived from the said acreage tax has been pledged for the payment of the bonds thus illegally disposed of," and then declares that the appellants herein have refused to pay the said acreage tax for the year 1915, and that the sheriff and ex officio tax collector is about to sell appellants' property to satisfy the same; and further declares that it was never the intention of said board of commissioners of said district "to give the benefits of drainage to said lands out of the proceeds of the sale of said bonds or out of said acreage tax," but that the tax was levied solely for the purpose of deriving revenue to benefit lands outside of the district.

It is then alleged that the acts of the board of commissioners, mentioned, are and were violative of the Fourteenth Amendment to the Constitution of the United States, and, if the sheriff and ex officio tax collector be permitted to sell appellants' property to satisfy said tax, that the sale will deprive them of their property without due process of law.

The board of commissioners of the Bayou Cirie and Island drainage district and the sheriff and ex officio tax collector are alone made parties defendant; and the prayer of the petition is that an injunction issue to restrain the sheriff from selling said property; that the injunction be perpetuated; that the levying and assessing of said tax against appellants' property, and the attempted sale thereof to satisfy the tax, be decreed illegal and in violation of the Fourteenth Amendment to the Constitution of the United States, and that the bonds themselves be declared to have been illegally and fraudulently issued.

[1, 2] From the above, it will be observed that the bonds and the tax to retire the same are not attacked on the ground that the forms of law were not complied with in obtaining authority to issue them and to levy the tax, or in carrying into execution the authority obtained, but that the attack is distinctly leveled against the bonds and the tax, on the alleged ground that the board of commissioners at no time intended to use the money derived from the sale of the bonds to drain the lands within the drainage district for which they were issued, and did not so use it, but employed it to drain other lands.

While the petition alleges that the bonds have been sold, and that the tax has been pledged to retire them, yet nowhere is it alleged, or even suggested, that the purchasers were parties to the alleged fraud, or had knowledge of it at the time of the purchase, and therefore were purchasers in bad faith. Without such an allegation, the petition is fatally defective, and discloses no cause of action. Without it, the presumption is that the purchase was made in good faith, for good faith is always presumed.

One purchasing bonds before maturity, issued in accordance with the forms and requirements of law, in good faith, is protected in his purchase and is entitled to have the tax levied, to retire them, that was legally voted or authorized, to accomplish that purpose, although at the time of the purchase the governing authorities issuing them actually contemplated using the money, to be derived from the sale, for other purposes than those authorized; and, in fact, did so use it. Such a purchaser is not called upon to follow the money he paid for the bonds, and see that the governing authorities, issuing them, use it for the purposes for which they were authorized.

Appellants cite Myles Salt Co., Limited, v. Board of Commissioners of Iberia and St. Mary Drainage District, 239 U. S. 478, 36 Sup. Ct. 204, 60 L. Ed. 392, L. R. A. 1918E, 190, and Shaw v. Board of Commissioners of the Bayou Terre-Aux-Bœufs Drainage District, 138 La. 917, 70 South. 910, as supporting their contention that their petition discloses a cause of action. Those cases hold that when a drainage district is formed in such a manner as to include property that can receive no benefit directly or indirectly, so that the only purpose for its inclusion could have been to raise revenue to benefit other property, that its inclusion is violative of the due process clause of the Fourteenth Amendment to the federal Constitution. However, there is no allegation in appellants' petition showing that their property could not have been benefited by the drainage system, had the money been properly used; and the misuse of the money after the sale of the bonds, or its intended misuse by

the board, before the sale, of which the purchasers had no knowledge and to which they were not parties, does not bring appellants' case within the rule of those cases. The exception of no cause of action must therefore be maintained.

As there is no suggestion in the petition that the bonds have been sold by the original purchasers, we have treated the case throughout as if they were still the owners, without discussing what, if any, additional allegations might be necessary if such purchasers had themselves sold.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be affirmed; appellants to pay the costs.