## KIMAMA HIGHWAY DIST. et al. v. OREGON SHORT LINE R. CO.

(Circuit Court of Appeals, Ninth Circuit, April 7, 1924.)

No. 4177.

1. **Highways ⨫90, 121—Power of highway district to tax is limited to purpose for which it is created; power of district to tax not unlimited.**

A highway district in Idaho is not a political municipality created for governmental purposes, but its powers are specially limited to the construction of highways for the benefit of the inhabitants and property therein, and its power to tax is not unlimited.

2. **Highways ⨫90—District bond issue to build road in uninhabited country, almost the entire cost of which would be assessed on railroad property, held confiscatory.**

A highway district containing 96,000 acres, for the most part uninhabited public domain, consisting of arid land, without timber or mineral, and capable of no use unless irrigated, of which there was no present prospect, with but two farms and no towns or villages within its limits, voted to issue $90,000 in bonds for the construction of a highway paralleling a railroad through the district, to become part of a national highway, but which would serve no substantial local need. The railroad comprised about 95 per cent. of the taxable property in the district. *Held*, that such action was arbitrary, unreasonable, and in effect confiscatory, and that the railroad company was entitled to an injunction to restrain issuance of the bonds.

Appeal from the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Suit in equity by the Oregon Short Line Railroad Company against the Kimama Highway District and others. Decree for complainant, and defendants appeal. Affirmed.

For opinion below, see 287 Fed. 734.

Delana & Delana, of Boise, Idaho, and Paul S. Haddock, of Shoshone, Idaho, for appellants.

George H. Smith, of Salt Lake City, Utah, and H. B. Thompson and John O. Moran, both of Pocatello, Idaho, for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

⨫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

RUDKIN, Circuit Judge. In July, 1922, the Kimama highway district, a municipal corporation organized under the laws of the state of Idaho, voted bonds of the district in the sum of $90,000 for the construction of a highway from east to west, through the district. The present suit was thereafter instituted by the Oregon Short Line Railroad Company, the principal property owner within the district, to restrain the highway commissioners from issuing or selling the bonds thus authorized. From a decree in favor of the plaintiff, this appeal is prosecuted.

There is little or no controversy over the facts. The highway district is approximately 15 miles in length from east to west by 10 miles in width from north to south, and comprises about 96,000 acres. The main line of the railroad company, from Green River, Wyo., to Huntington, Or., extends through the district in an easterly and westerly direction. The proposed highway parallels the railroad, and forms or will form a part of a national highway extending through and beyond the boundaries of the state. The territory within the district is for the most part public domain of the United States, and consists of arid sagebrush land, a part of which is susceptible of cultivation if water is made available for irrigation; but there is no present prospect that water will ever be available for that purpose. There are no natural resources of any kind within the district, and the local business of the railroad therein is little more than nominal. All the farms within the district, except two, have been abandoned. In the year 1921, the railroad company owned 93.4 per cent. in value of all property within the district, and this percentage was slightly increased in the year 1922, because of depreciation in the value of the remaining property. The highway, when constructed, will contribute in no way to the business of the railroad company. On the contrary, the highway will have a tendency to divert business from the railroad. These and other facts, conceded by the parties to be true, are set forth with greater detail in the opinion of the court below and need not be repeated here. Oregon Short Line Railroad Co. v. Kimama Highway Dist. (D. C.) 287 Fed. 734.

[1] The appellants contend that there is a difference between a general tax and a local assessment; that the former is not based upon special or local benefits; that this is a tax, and not a local assessment; and that the power of taxation, in its very nature, acknowledges no limits and involves the power to destroy. The distinction relied upon, no doubt, exists; but, broad as is the general power of taxation, we cannot concede that it knows no limits, in a case like this. A highway district, in the state of Idaho, is not a political municipality, and is not created for general governmental purposes. As said by the Supreme Court of that state in Shoshone Highway District v. Anderson, 22 Idaho, 109, 125 Pac. 219:

"A highway district, as intended by this act, is not a political municipality. It is not created for the purpose of government. It is an entirely different kind of municipality from that of a city, town, or village. Its powers are specially limited to the construction of highways upon the lines of benefits to the inhabitants and the property within the territory embraced within the district. It is made a taxing district, and consists of such territory as may be determined by the county commissioners in creating the same. It is con-

templated by the provisions of the statute that the property and the people of the entire district are interested in the construction and improvement of the public highways of the district, and it is created for a special purpose, to wit, the assessment of property within the district for the sole and only purpose of improving the highways within the district."

The claim that such a district, created for such a purpose, can be vested with unlimited power to tax, cannot be sustained. In State v. Newark, 37 N. J. Law, 415, 420 (18 Am. Rep. 729), the court said:

"There is nothing in the Constitution of this state that requires that all the property in the state, or in any particular subdivision of the state, must be embraced in the operation of every law levying a tax. That the effect of such laws may not extend beyond certain prescribed limits is perfectly indisputable. It is upon this principle that taxes raised in counties, townships, and cities are vindicated. But while it is thus clear that the burthen of a particular tax may be placed exclusively on any political district to whose benefit such tax is to enure, it seems to me it is equally clear that, when such burthen is sought to be imposed on particular lands, not in themselves constituting a political subdivision of the state, we at once approach the line which is the boundary between acts of taxation and acts of confiscation. I think it impossible to assert, with the least show of reason, that the legislative right to select the subject of taxation, is not a limited right. For it would seem much more in accordance with correct theory to maintain, that the power of selection of the property to be taxed cannot be contracted to narrower bounds than the political district within which it is to operate, than that such power is entirely illimitable. If such prerogative has no trammel or circumscription, then it follows that the entire burthen of one of these public improvements can be placed, by the force of the legislative will, on the property of a few enumerated citizens, or even on that of a single citizen. In a government in which the legislative power is not omnipotent, and in which it is a fundamental axiom that private property cannot be taken without just compensation, the existence of an unlimited right in the law-making power to concentrate the burthen of a tax upon specified property, does not exist."

In Norwood v. Baker, 172 U. S. 269, 278, 19 Sup. Ct. 187, 190 (43 L. Ed. 443), it was said:

"But the power of the Legislature in these matters is not unlimited. There is a point beyond which the legislative department, even when exerting the power of taxation, may not go consistently with the citizen's right of property."

See, also, Gast Realty Co. v. Schneider Granite Co., 240 U. S. 55, 36 Sup. Ct. 255, 60 L. Ed. 526; Houck v. Little River Drainage District, 239 U. S. 254, 36 Sup. Ct. 58, 60 L. Ed. 266; Kansas City So. Ry. v. Road Improvement District, 256 U. S. 658, 41 Sup. Ct. 604, 65 L. Ed. 1151; Myles Salt Co. v. Board Commissioners, 239 U. S. 478, 36 Sup. Ct. 204, 60 L. Ed. 392, L. R. A. 1918E, 190; Branson v. Bush, 251 U. S. 182, 40 Sup. Ct. 113, 64 L. Ed. 215; Thomas v. Kansas City So. Ry., 261 U. S. 481, 43 Sup. Ct. 440, 67 L. Ed. 758. In the latter case, the court said:

"The applicable rules of law are settled. The Legislature of a state may, if consistent with its Constitution, establish a drainage district; may set the boundaries, and may apportion the burden by fixing the basis of assessment and of taxation. The Legislature's determination that lands will be benefited by a public improvement for which it authorizes a special tax, is ordinarily conclusive. Its action in so doing cannot be assailed under the Fourteenth Amendment, unless it is palpably arbitrary or discriminatory."

[2] There the Legislature of the state of Arkansas had created a drainage and levee district, imposing upon it the duty of constructing drainage works, empowering it to raise the necessary money by construction notes and a bond issue of $100,000, and directing the levy of an annual tax upon all lands and railroads within the district, not exceeding six per cent. of the assessed valuation. Fifty-seven per cent. of the taxes thus imposed fell upon the railroads, and after reviewing the facts the court held that such a tax was grossly discriminatory and void. And as said by the court below in this case:

"When it is remembered that, as declared by the Supreme Court of the state, a highway district is not a political municipality, and is not created for governmental purposes, but is limited in both its purposes and powers to the construction of highways for the benefit of its inhabitants and the property within its borders, and that the road in contemplation here is not to be for such a purpose, and can serve no substantial local need, and will be of no benefit to the plaintiff, the placing of a burden upon its property of substantially the entire cost of the work, must be regarded as unreasonable, arbitrary, and in effect confiscatory."

We concur in the conclusion of the court below that the tax in question is palpably arbitrary and grossly discriminatory, and its decree is therefore affirmed.