HOUSE *v.* ROAD IMPROVEMENT DISTRICT NO. 2, OF CONWAY COUNTY, ARKANSAS, ET AL.

HOUSE *v.* ROAD IMPROVEMENT DISTRICT NO. 5, OF CONWAY COUNTY, ARKANSAS, ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

Nos. 92 and 93.  Argued October 17, 20, 1924.—Decided November 17, 1924.

1. Where the decision of a State Supreme Court construed a road district statute as allowing twenty-eight days' notice by publication to land owners of proceedings to assess for benefits and adjudged that the notice published, read with the statute, sufficiently described the lands affected, *held,* that contentions that the statute did not provide due process of law were too insubstantial to support a writ of error. P. 176.

2. The objection that a statute assessing lands for a road improvement is arbitrary and void as to plaintiff because the improvement could not benefit his lands while other lands actually benefited were not included in the district assessed, *held* clearly without merit. P. 177.

Writs of error to review 158 Ark. 330, 357, dismissed.

THESE were two suits to enjoin collection of special road taxes assessed on plaintiff's lands in Arkansas. Plaintiff prosecutes error to the decrees of the Supreme Court of that State affirming the decrees of the Chancery Court of Conway County, which denied her the relief prayed.

*Mr. Joseph M. Hill,* with whom *Mr. Henry L. Fitzhugh* was on the brief, for plaintiff in error.

*Mr. G. B. Rose* and *Mr. Lasker Ehrman,* with whom *Mr. Chas. T. Coleman, Mr. D. H. Cantrell, Mr. J.'F. Loughborough* and *Mr. A. W. Dobyns* were on the briefs, for defendants in error in No. 92.

*Mr. G. B. Rose,* with whom *Mr. W. P. Strait, Mr. D. H. Cantrell, Mr. J. F. Loughborough* and *Mr. A. W. Dobyns* were on the briefs, for defendants in error in No. 93.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

Both of these writs must be dismissed.

### No. 92.

The only ground suggested to sustain the writ in this cause is that Act No. 245, Arkansas Legislature, 1919, which established Road District No. 2 of Conway County, was duly challenged as repugnant to the Fourteenth Amendment. Such a challenge must be distinct and substantial.

The act undertook to create the district with boundaries which include plaintiff's lands and specified the proceedings for assessing benefits to meet necessary costs. Her lands were assessed as provided. Some months thereafter, by a bill in equity, she claimed insufficient notice and asked relief from both assessment and consequent

penalties; also that the commissioners' plans should be declared null and she be heard as to the merits of any assessment. She offered to pay any sum the court might find just and equitable.

The bill alleges that the statute authorized and the commissioners gave only seventeen days' notice of the assessment, by publication, that she had no actual notice, and that the publication failed sufficiently to describe her lands. For these reasons she maintained the act did not provide due process of law and violated the Fourteenth Amendment.

The Supreme Court, having considered the objections, held that the statute allowed twenty-eight days after the first publication during which time petitioner might have objected to the assessment, and declared this was adequate; also that when read in connection with the statute the notice sufficiently described the lands. Plaintiff in error now insists that the act is null because it prescribes insufficient notice and description of the assessed lands.

Accepting the statute as construed by the state court, the suggested objections to its validity appear to us wholly wanting in merit.

*No. 93.*

This cause grew out of the creation of District No. 5, Conway County, by Act No. 245, and assessment for benefits thereunder. With one exception the questions now raised are the same as those in cause No. 92. As an additional ground for challenging the statute plaintiff in error claims that it is arbitrary and beyond the power of the Legislature because the proposed improvement could not benefit plaintiff's lands, while other lands actually benefited were not included. The record does not show that this objection was placed upon any federal ground in the courts below; but, assuming that the point was properly made, we think it is clearly without merit.

*Houck* v. *Little River Drainage District,* 239 U. S. 254, 265; *Miller & Lux* v. *Sacramento Drainage District,* 256 U. S. 129, 130; *Valley Farms Co.* v. *Westchester,* 261 U. S. 155, 163, 164.

*Writs of Error Dismissed.*