## MILLER COUNTY HIGHWAY & BRIDGE DIST. v. STANDARD PIPE LINE CO., Inc. *

Circuit Court of Appeals, Eighth Circuit. April 18, 1927.

No. 7338.

1. **Highways** ⬅⬆90—**Pipe line is "real property," properly included in highway and bridge district.**

Pipe line is "real property," and properly included in highway and bridge district, just as railroad rights of way are included.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Real Property.]

2. **Highways** ⬅⬆136—**Pipe lines held benefited by road and bridge improvement, so that assessment was not unconstitutional, as being arbitrary and discriminatory (Const. Amend. 14).**

Pipe lines running through state held benefited by road and bridge improvement, so that assessment was not wholly arbitrary and discriminatory, in violation of Const. Amend. 14.

3. **Highways** ⬅⬆90—**Legislature may organize special road and bridge improvement districts, delegating full authority as to assessments to local bodies.**

Legislature of state may organize special road and bridge improvement districts, and

*Rehearing denied July 12, 1927.

delegate full authority relative to assessments to local bodies.

4. **Highways** ⬅⬆122—**Assessment against pipe line for construction of road and bridge held not unconstitutional, as being arbitrary, merely because procedure and tax was not altogether fair (Const. Amend. 14; Laws Ark. 1917, p. 61, Laws Ark. 1925, p. 245).**

Assessment against pipe line for construction of road and bridge will not be set aside, as violating Const. Amend. 14, where owner did not protest, as provided in Laws Ark. 1917, p. 61, and Laws Ark. 1925, p. 245, relative to Miller county highway district, created by special act of Legislature of 1915, merely because procedure and tax was not altogether fair, since assessment must be palpably arbitrary to warrant such action.

5. **Commerce** ⬅⬆73—**Road and bridge assessment against pipe line is not unlawful burden on interstate commerce, but improvement tax, which may lawfully be assessed.**

Assessment against pipe line for road and bridge improvement is not unlawful burden on common carrier for hire in interstate commerce, but is general improvement tax, which may be levied against all real property of corporation having situs within state, irrespective of use, so long as it is all treated alike.

Appeal from the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Suit by the Standard Pipe Line Company, Inc., against the Miller County Highway & Bridge District. Decree for complainant, and defendant appeals. Reversed.

Henry Moore, Jr., of Texarkana, Ark., for appellant.

David C. Arnold and W. H. Arnold, both of Texarkana, Ark. (T. M. Milling, of Shreveport, La., and W. H. Arnold, Jr., of Texarkana, Ark., on the brief), for appellee.

Before STONE and LEWIS, Circuit Judges, and SYMES, District Judge.

SYMES, District Judge. The Miller county highway district was created by a special act of the Legislature of Arkansas in 1915 (Laws 1915, p. 617), and empowered to construct 60 miles of highway and a bridge over the Red river. The usual district organization, consisting of a commission of three resident landowners, was provided for, with the power and duty to appoint three assessors to assess all benefits accruing as a result of the improvements to the real property within the district, including railroads, pipe lines, etc., and all other franchises connected with the realty in said district. Later it was concluded that the bridge and roads could not be constructed within the limit of cost prescribed by the original act, to wit, 15

per cent. of the value of the real property subject to assessment; so the law was re-enacted and amended by Act No. 15 of the year 1917, and additional land included This amendment ratified and confirmed the assessment theretofore made by the assessors, and provided for a similar assessment on the new lands, and increased the authorized mileage to 75 miles. Under a third act relating to this district, being No. 83 of the year 1925, the Legislature declared the assessments for benefits made by the district to be just, equitable, and proportionate, and ratified the same.

By the original act notice of the assessment was required to be given by publication, and that the notice must set a date not less than 30 days distant, when complaints by any landowner, etc., may be heard. It was made the duty of the assessors to correct any inequality, etc., in assessments, and increase or decrease the same, provided the total amount of the assessed benefits be not diminished. Full right of appeal from the action of the assessors was given to the commission, and thence to the county court. Compare House v. Rd. Imp. Dist. No. 2, Conway County, Ark., 158 Ark. 330, 251 S. W. 12, aff., 266 U. S. 175, 45 S. Ct. 60, 69 L. Ed. 229.

In 1922, and after the assessment of benefits had been made, the appellee here, plaintiff below, purchased from the Prairie Pipe Line Company all of its property within the district and the state, and is now owner of certain pipe lines laid beneath the surface of the earth in the district, as a part of a continuous line running from Oklahoma, through Arkansas, to Louisiana. It does no business within the district, other than to maintain and operate its pipe line as part of an interstate system.

On May 21, 1924, it instituted this suit to enjoin the collection of any taxes upon an assessment of benefits of $60,000 made against its property, on the following grounds: First, the property of the appellee within this district is personal property not subject to local improvement assessments; second, its pipe lines are in no manner benefited by the improvement; third, the alleged assessment is wholly arbitrary, discriminatory, etc., and violates the Fourteenth Amendment to the federal Constitution; fourth, that it is engaged exclusively in the transportation of petroleum as a common carrier for hire in interstate commerce, and the assessment constitutes an unlawful burden thereon.

A decree in its favor was entered in the lower court, and the district appeals. Taking up the points made by the appellee in order:

[1] First. The defendant's pipe line is real property, and properly included in the district for the same reasons, according to the state authorities, that rights of way railroad companies are included. See Missouri Pac. v. Conway County Bridge District, 142 Ark. 11, 218 S. W. 189, and compare Western Union Telegraph Co. v. Road Imp. Dist. No. 1, 144 Ark. 476, 222 S. W. 717, and Standard Pipe Line Co. v. Index-Sulphur Drainage Dist. (Supreme Court of Ark., March 28, 1927), 293 S. W. 1031. It will be noted that the legislative act creating the district expressly provided for the assessment of pipe lines.

[2] Second and Third. Are the pipe lines or the property of the appellee in any manner benefited by the improvement of the roads and the building of the bridge, and is the alleged assessment wholly arbitrary and discriminatory, etc? This question is not free from difficulty, and we find a mass, or rather wealth, of authority thereon, both in this court and in the Supreme Court of the United States. Appellee contends, and the lower court found, that the highway had not added, and will not add, anything to the value of the plaintiff's property, or increase its revenue; the alleged benefits being at best speculative and conjectural only.

To the layman the direct benefits accruing to the pipe line as such, by reason of the construction of good roads, are not apparent. They do not bring appellee any new business, as it solicits none, and there is none available to it within the district or state. It obtains all its oil in Texas or Oklahoma, and conveys it through Arkansas to a terminus in Louisiana. Nor does it have any revenue from any source within the state. Its officers and employees took the witness stand, and gave as their conclusions that it made absolutely no difference to the company whether it had the improvement or not.

These and other witnesses called by appellee testified, however, that when they put in two additional lines they used the new roads for hauling pipe and unloading it adjacent to the right of way; that the new roads resulted in great economies in time and cost, both in laying and repairing the line and in affording access to the same. Other witnesses testified that, on the occasion of a fire at appellee's pumping station, the Texarkana fire department, at its request, arrived in time to be of material assistance; that without the good roads they would not have attempted the run and risked the damage to equipment and danger to the lives of the fire-

men that would have resulted; and that appellee generally used the new roads for heavy loads between certain points in preference to the existing dirt roads, though the latter were shorter and more direct.

Several farmers living in the district testified that the quality or size of their crops were not, of course, affected by the improvements, and that the only advantage of good roads to them was the factor of transportation and accessibility. The adoption of appellee's argument on this feature of the case would, with a few exceptions, perhaps, inevitably and logically require the lifting of the burden of this assessment from every class of property sought to be assessed. Kansas City Ry. v. Rd. Dist. No. 3, Sevier County, 266 U. S. 379, at page 387, 45 S. Ct. 136, 69 L. Ed. 335.

The original act provides an opportunity for all the property owners aggrieved to appear before the board of assessors and have a hearing, with right to appeal to the commission, and from the commission to the county court. The appellee never availed itself of this remedy. They say that, because they were a nonresident corporation, they are not bound thereby. The record shows that they had local employees in the district, including a taxing officer, charged presumably with the duty of looking after tax matters. Their predecessor in title, the Prairie Company, paid three or four installments of these taxes without protest. There is testimony that Mr. Helford, who at one time had charge of the pipe line property in Miller county, knew the assessments were being made. Another witness testified that a letter was written by the tax commission to the pipe line company, giving them the information as to both the county, state, and road taxes, under date of April 5, 1917, receipt of which was acknowledged.

[3, 4] While the authorities have not always been in harmony on this question, the cases now hold that the Legislature of a state may organize special improvement districts, and delegate full authority to local bodies, as was done in the instant case. If the proceedings are not void on their face, and the procedure follows the statute, their action in assessing benefits cannot be assailed, unless they are so palpably arbitrary as to present a plain case of abuse of power. The judgment of the state Legislature in such matters is entitled to the highest respect, and to make a case under the Fourteenth Amendment it must be shown that the benefits assessed are either wholly vague and speculative, or result in manifestly gross inequality when compared with the burdens.

It may be observed that the procedure by which the value of the particular property of the appellee was arrived at, and the amount of the benefits determined, does not commend itself to us as altogether fair nor is the tax imposed against appellee entirely equitable, as between it and other property owners within the district; but this, standing alone, is not decisive of the question. In Kansas City Sn. R. R. Co. v. Road Dist. No. 3 of Sevier County, 266 U. S. 379, 45 S. Ct. 136, 69 L. Ed. 335, supra, the court discussed an almost identical statute, in which constitutional objections similar to those here presented were urged by the railroad company. The court said:

"By a long line of decisions in this Court it has been settled that, where the state constitution, as construed by the state court of last resort, does not provide otherwise, the legislature of a State may require that the cost of a local public improvement, such as the construction or reconstruction of a public road, be distributed over the lands particularly benefited and charged against them according to their value, their area or the benefits which they will receive; may itself determine what lands will be benefited and in what proportions they will share in the benefits, and may avail itself, for the purposes of that determination, of any information which it deems appropriate and sufficient, including such as may be afforded by reports and estimates made in prior assessment proceedings having the same object. Only where the legislative determination is palpably arbitrary, and therefore a plain abuse of power, can it be said to offend the due process of law cause of the Fourteenth Amendment. Spencer v. Merchant, 125 U. S. 345, 355-357 [8 S. Ct. 921, 31 L. Ed. 763]; French v. Barber Asphalt Paving Co., 181 U. S. 324, 338, et seq. [21 S. Ct. 625, 45 L. Ed. 879]; Houck v Little River Drainage District, 239 U. S. 254, 262, 265 [36 S. Ct. 58, 60 L. Ed. 266]; Myles Salt Co. v. Iberia Drainage District, 239 U. S. 478, 481 [36 S. Ct. 204, 60 L. Ed. 392, L. R. A. 1918E, 190]; Branson v. Bush, 251 U. S. 182, 189 [40 S. Ct. 113, 64 L. Ed. 215]; Valley Farms Co. v. County of Westchester, 261 U. S. 155, 163 [43 S. Ct. 261, 67 L. Ed. 585]. And only where there is manifest and unreasonable discrimination in fixing the benefits which the several parcels will receive can the legislative determination be said to contravene the equal protection clause of that Amend-

ment. Kansas City Southern Ry. Co. v. Road Improvement District No. 6, 256 U. S. 658 [41 S. Ct. 604, 65 L. Ed. 1151]; Thomas v. Kansas City Southern Ry. Co., 261 U. S. 481 [43 S. Ct. 440, 67 L. Ed. 758]."

In Valley Farms Co. v. County of Westchester, supra, it was sought to cancel an assessment upon real property levied to construct a trunk sewer, which admittedly could not be utilized to benefit plaintiff's land until a system of costly connecting sewers, not yet planned, were built. But, because all lands within the district might ultimately be connected with some portion of the sewer, the court held that it could not be said the plaintiff derived no benefits therefrom, and reaffirmed the rule that the Legislature may fix the basis of taxation or assessment of improvements, and its action could not be assailed under the Fourteenth Amendment, unless it was palpably arbitrary and a plain abuse, quoting Houck v. Little River Drainage Dist., 239 U. S. 254, 36 S. Ct. 58, 60 L. Ed. 266, and, further, that "to justify an assessment * * * it is not essential that the benefits be direct or immediate."

In Milheim v. Moffat Tunnell Dist., 262 U. S. 710, the court said (page 721, 43 S. Ct. 694, 698 [67 L. Ed. 1194]) :

"If a proposed improvement is one which the state has authority to make and pay for by assessments on property benefited, the Legislature in the exercise of the taxing power has authority to determine by the statute imposing the tax, what lands may be and are in fact benefited by the improvement; and, if it does so, its determination is conclusive upon the owners and the courts and cannot be assailed under the Fourteenth Amendment unless it is wholly unwarranted and a flagrant abuse, and by reason of its arbitrary character is mere confiscation of the particular property."

And (page 723 [43 S. Ct. 699]) :

"Where a city charter gives property owners an opportunity to be heard before a board respecting the justice and validity of local assessments for proposed public improvements and empowers the board to determine such complaints before the assessments are made, parties who do not avail themselves of such opportunity cannot be heard to complain of such assessments as unconstitutional"—citing many other cases.

See, also, Missouri Pac. R. R. Co. v. Western Crawford Rd. Imp. Dist., 266 U. S. 187, 45 S. Ct. 31, 69 L. Ed. 237.

And finally, in Browning v. Hooper, 269 U. S. 396, 46 S. Ct. 141, 70 L. Ed. 330, U. S. S. Jan. 4, 1926, the Supreme Court said:

"Where a local improvement territory is selected, and the burden is spread by the legislature or by a municipality to which the State has granted full legislative powers over the subject, the owners of property in the district have no constitutional right to be heard on the question of benefits."

The Thornton Case (C. C. A.) 291 F. 518, and the Miller Levee Dist. Case (C. C. A.) 292 F. 474, in this circuit, and Kansas City Sn. R. R. Co. v. Road Imp. Dist. No. 6, 256 U. S. 658, 41 S. Ct. 604, 65 L. Ed. 1151, and Myles Salt Co. v Iberia Drainage Dist, 239 U. S. 478, 36 S. Ct. 204, 60 L. Ed. 392, L. R. A. 1918E, 190, come within the exceptions pointed out by the above cases. For instance, in Kansas City Sn. R. R. Co. v. Road Imp. Dist. 256 U. S. 658, 41 S. Ct. 604, 65 L. Ed. 1151, supra, the court found that the benefits assessed against the railroad disregarded both area and position, and were made without disclosing any basis therefor, and that the discrimination was so palpable and arbitrary as to amount to a denial of the equal protection of the law. Likewise in the Myles Salt Company Case, supra, the discussion assumed as a fact that the property of the complainant taxed was included within the district, not for its benefit, but for the sole purpose of obtaining revenue therefrom, and that it was not possible to give it any of the benefits of the drainage.

The tendency of these very late authorities is to greatly narrow the constitutional grounds of objection to assessments of this character. They forbid us to weigh the benefits against the burdens, and require us to hold in the instant case that under all the circumstances there was sufficient justification for the legislative determination that appellee's property was benefited.

[5] Fourth. Under this point appellee claims the assessment constitutes an unlawful burden on interstate commerce, and devotes its supplemental brief largely to this question. The authorities presented, however, are clearly distinguishable, dealing, as they do, with so-called "burdens" on interstate commerce, such as license fees, privilege taxes, and other regulatory statutes, compliance with which is a condition precedent to doing business within the particular state. The assessment here is what is denominated as a general improvement tax, laid against the real property owned by appellee within the district on an ad valorem basis.

The rights of state or local authorities to levy general improvement taxes or assessments as such against all real property of corporations, foreign or domestic, having its

situs within the state, irrespective of its use, so long as it is all treated alike, and the tax is not a burden or regulation of interstate commerce as such, cannot be doubted. The distinction is so clear and well established that extended discussion is unnecessary. Postal Telegraph Cable Co. v. Adams, 155 U. S. 688, 15 S. Ct. 268, 360, 39 L. Ed 311; Alpha Cement Co. v. Massachusetts, 268 U. S. 203, 45 S. Ct. 477, 69 L. Ed. 916, 44 A. L. R. 1219; Union Tank Line v. Wright, 249 U. S. 275, at page 282, 39 S. Ct. 276, 63 L. Ed. 602; American Mfg. Co. v. St. Louis (C. C. A.) 8 F.(2d) 447.

We are of the opinion that the decree of the lower court should be reversed, and it is so ordered.