A. T. WOOTEN v. CHARLES ROGAN, COMMISSIONER.

No. 1188.   Decided April 20, 1903.

**Mandamus—Question of Fact—Jurisdiction of Supreme Court.**

Where, on application for mandamus from the Supreme Court against the Commissioner of the General Land Office, the petition and answer disclose a contest involving questions of fact, such as the good faith of relator's settlement and his intent in leaving the land, the Supreme Court is without jurisdiction and the case will be dismissed without prejudice.   (Pp. 435, 436.)

Original application in the Supreme Court for mandamus against the Land Commissioner. The proceeding was commenced against Commissioner Chas. Rogan, and his successor in office, J. W. Terrell, was afterwards made respondent.

*Matlock, Miller & Dycus,* for relator, cited, on the question of forfeiture by temporarily leaving the land, Bledsoe v. Cains, 10 Texas, 455; Mitchell v. Nix, 1 Posey U. C., 127; Traylor v. Hubbard, 22 S. W. Rep., 241.   Borchers v. Mead, 17 Texas Civ. App., 32; Chesser v. Baughman, 55 S. W. Rep., 134; Willoughby v. Townsend, 93 Texas, 80; Condy v. Harris, 71 S. W. Rep., 607; Joyner v. Johnson, 84 Texas, 466; Dowding v. Ditmore, 26 Texas Civ. App., 606; Sanders v. Sheran, 66 Texas, 656; Shepherd v. Cassidy, 20 Texas, 30.

*C. K. Bell,* Attorney-General, and *T. S. Reese,* Assistant Attorney-General, for respondent.—The statute contemplates and requires actual residence and occupancy. That the term "residence" is not used in its ordinary loose sense is shown by the use of that term and occupancy interchangably; or rather, the statute requires both actual residence and actual occupancy of such a character as to constitute residence upon the land as a home.

The purchaser is required to "make proper proof of such residence and occupancy." His vendee may "complete the term of occupancy of his vendor as a part of his own occupancy."

Any owner of land which has been forfeited for nonpayment of interest shall have ninety days' prior right to purchase "without the condition of settlement and occupancy in case it has been occupied for three consecutive years as required by law, but if not, then he shall reside thereon until the occupancy under the first and last purchase shall together amount to three years."   Rev. Stats., art. 4218j.

That this contemplates the actual presence upon the land is shown by the provision of the same article with regard to temporary abandonment of the land on account of drought, meaning evidently the absence of the purchaser from the land. This provision would have been unnecessary if the statute did not contemplate the actual personal presence of the purchaser upon the land.

This actual personal presence upon the land by the purchaser is dispensed with in only two cases, carefully specified in article 4218l.   "All necessary and temporary absence from such land of such purchaser for

the term of not more than six months in any one year for the purpose of earning money with which to pay for the land or for the purpose of schooling his children, shall not work a forfeiture of his title."

The enumeration of these two exceptions negative the existence of any others, whether such absence be voluntary or involuntary. The Legislature has not seen proper to excuse from the residence and occupancy required by the statute one who was forced to leave on account of sickness or any other calamity.

There is only left for the court to determine whether C. R. Scott was residing upon and occupying the land in the sense in which these words are used in the statute while he was absent at Hot Springs; that is, from April 5th to December 7, 1899, a period of eight months. Baker v. Millman, 77 Texas, 46; Swan v. Busby, 5 Texas Civ. App., 66; Cordill v. Moore, 17 Texas Civ. App., 219; Atkeson v. Bilger, 4 Texas Civ. App., 102; Brinkley v. Smith, 12 Texas Civ. App., 644; Lee v. Green, 24 Texas Civ. App., 112; Richardson v. Westmoreland, 2 Texas Civ. App., 175.

The proof of occupancy was never accepted or approved by the Land Commissioner. The act of acceptance and approval of such proof, and not the mere receipt and filing of it, would be necessary to conclude another purchaser, and even that would not conclude the State. Logan v. Curry, 95 Texas, 664.

WILLIAMS, ASSOCIATE JUSTICE.—This proceeding was begun by Wooten for a mandamus to compel Rogan, then Commissioner of the General Land Office, to reinstate a sale of four sections of school land which had been canceled. J. J. Terrell, the successor in office of Rogan, has become a party and is now the respondent.

The petition states that on April 3, 1899, C. R. Scott made applications, complying in form with the law, for the purchase of the sections, and made the required payments, and that in due time the land was awarded to him by the Commissioner; that at the time of his purchase Scott lived in a dwelling house on the land and was an actual settler thereon intending to make it his home, but that he was paralyzed in his hips and legs, was unable to walk without assistance, and was almost blind; that the land was in a sparsely settled country, distant from any town, where he could not obtain necessary medicines and medical advice and treatment; that he therefore, upon advice of friends and physicians, temporarily left the land and went to Hot Springs, Ark., where he remained until December 3, 1899, intending not to abandon the land as his home, but to return to it; that during his absence he left in charge of the land a tenant to cultivate it, who remained until November 1, 1899, and was succeeded by another tenant who continued to live upon the premises; that about the 7th day of December, 1899, being called upon by the Commissioner to explain his absence, he filed in the General Land Office his affidavit, supported by two credible persons, stating the facts, which was accepted by the then Commissioner as a

sufficient explanation; that about December 7, 1899, he returned to the land to make his home thereon, but that, on April 27, 1900, finding that his health and strength again failed him and that he could not live upon the land, but had to leave it in order to prolong his life, he sold and conveyed it to A. G. Patty; that Patty recorded his deed and filed it and his obligations in the Land Office as required by law, and thereafter occupied the land as an actual settler in good faith as required, until September 9, 1902, when he sold and conveyed it to relator; that on the 9th day of October, 1902, Patty made proof of three years' occupancy by Scott and himself, which, with the deed to relator and his obligations as required by law, was filed in the Land Office; that on November 14, 1902, relator paid the whole of the purchase money and demanded the issuance of a patent, but that the Commissioner refused to issue it, and canceled the sales because of the facts stated in the affidavits which had been filed by Scott in 1900. The petition also states that there is no contested question of fact, and that the action of the Commissioner is based solely on his opinion that more than six months absence from the land operated a forfeiture of it without regard to the intention of the party to abandon or return.

The answer of the Commissioner does not concede that Scott was ever a settler in good faith for the purpose of making his home upon the land, or that he never intended to abandon it, but insists that the allegations raise questions of fact as to the existence of such intent and as to evasions of the law, and that these questions should not be determined in this proceeding, but in the ordinary way in some tribunal having power to try and determine questions of fact. It further denies that the affidavits filed and proof of occupancy were ever accepted as satisfactory.

It will be observed that the time of occupancy by Scott and Patty must be added together to make up the three years required by law to perfect relator's right. The character of Scott's settlement and holding is therefore necessarily involved, and it depends upon a question of fact not admitted. In order to grant the relief asked by relator this court would have to determine not only the question of law whether or not the more than six months absence of Scott, regardless of his intent, would work a forfeiture; but, if that were decided in relator's favor, the further questions of fact whether or not Scott's settlement was made in good faith with intent to make a home upon the land, and whether his absence was with the intent to abandon or resume occupancy. Upon these questions the State would have the right to introduce other testimony; and even if they were to be determined from the acts and facts stated, alone, they could only be determined by drawing inferences which only triers of facts could draw. We are therefore of the opinion that this court is without jurisdiction of the case as made, and that the proper disposition to make of it is to dismiss the application without prejudice to the rights of either party. Teat v. McGaughey, 85 Texas, 488.

*Dismissed without prejudice.*