MILLER & LUX, INCORPORATED, *v.* SACRA-
MENTO & SAN JOAQUIN DRAINAGE DISTRICT.

ERROR TO THE SUPREME COURT OF THE STATE OF
CALIFORNIA.

No. 347.   Argued March 9, 10, 1921.—Decided April 11, 1921.

That particular lands included in a drainage district will receive no direct benefits is clearly not *per se* enough to exempt them, under the Fourteenth Amendment, from assessment. P. 130. *Houck* v. *Little River Drainage District,* 239 U. S. 254.

Writ of error to review 182 California, 252, dismissed; petition for a writ of certiorari denied.

THE case is stated in the opinion.

*Mr. Edward F. Treadwell* for plaintiff in error.

*Mr. Charles S. Peery,* with whom *Mr. Jeremiah F. Sullivan* was on the brief, for defendant in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

This cause is here upon writ of error to the Supreme Court of the State of California. 182 California, 252. There is also an application for certiorari, but under the settled practice no adequate grounds therefor are shown.

By the Act of May 26, 1913, effective August 10, 1913 (Stats. 1913, p. 252), the legislature of California undertook to create the Sacramento and San Joaquin Drainage District, including 1,725,553 acres along the general course of the Sacramento and San Joaquin rivers, and particularly an extensive area south of Stockton. The Reclamation Board, appointed as directed by the statute, levied a tax of $250,000 for general preliminary expenses incidental to the project and appointed assessors to apportion the same. Certain of plaintiff in error's lands lying south of Stockton were assessed at five cents per acre, and to annul this assessment it began the present proceeding. In support of the writ of error reliance is placed upon the contention that, as construed by the state courts, the Act of 1913 denies plaintiff in error opportunity to show that its lands will receive no special or direct benefits from the proposed works, and therefore conflicts with the Fourteenth Amendment. But we think that when the writ was sued out (May, 1920) this claim had already become too unsubstantial to support our jurisdiction as defined by the Act of September 6, 1916, c. 448, 39 Stat. 726. Since *Houck* v. *Little River Drainage District*, (1915) 239 U. S. 254, the doctrine has been definitely settled that in the absence of flagrant abuse or purely arbitrary action a State may establish drainage districts and tax lands therein for local improvements, and that none of such lands may escape liability solely because they will not receive direct benefits. The allegations of the original

complaint are wholly insufficient to raise the issue in respect of arbitrary legislative action presented by *Myles Salt Co.* v. *Iberia Drainage District*, 239 U. S. 478.

*The petition for certiorari is denied and the writ of error is dismissed.*