### MISSOURI PAC. R. CO. v. ROAD IMPROVEMENT DIST. NO. I OF HOT SPRING COUNTY, ARK., et al.

(Circuit Court of Appeals, Eighth Circuit. May 7, 1923.)

No. 6112.

1. **Highways ⬅139—Assessments for road district on assessed valuation basis, instead of basis of benefits, held void.**

Assessments of benefits by road improvement district on railroad property under Sp. Laws Ark. 1921, p. 16, as amended by Sp. Laws 1921, p. 228, which were made on the basis of a per cent. of the·assessed value for general taxation, instead of on the basis of benefits, *held* void, and a violation of the Fourteenth Amendment; the contention that the railroad company was not prejudiced by such method of assessment in that its property was assessed not more than 6 to 12 per cent. of its assessed value for general taxation, while farm lands were assessed benefits of 24 per cent. of their assessed valuation; being untenable, in view of the fact that farm lands, for general taxation, were assessed at a much lower percentage of their value than railroad property.

2. **Highways ⬅139—Assessments for benefits by road district on assessed valuation basis instead of basis of benefits held void.**

Assessments of benefits by road improvement district on railroad property under Sp. Laws Ark. 1921, p. 16, as amended by Sp. Laws 1921, p. 228, which were made on the basis of a per cent. of the assessed value for general taxation, instead of on the basis of benefits, *held* void, in view of Const. Ark. art. 16, § 5, exempting public property, churches, etc., from general taxation, since such property, not being assessed for general taxation, would, on the assessed valuation basis, be relieved of its just share of the cost of the improvement.

Appeal from the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Suit by the Missouri Pacific Railroad Company against Road Improvement District No. 1 of Hot Spring County, Ark., and others. From decree for defendants, plaintiff appeals. Reversed with directions.

E. B. Kinsworthy, of Little Rock, Ark. (Edward J. White, of St. Louis, Mo., on the brief), for appellant.

L. E. Sawyer, of Hot Springs, Ark., and William R. Duffie, of Malvern, Ark., for appellees.

Before LEWIS, Circuit Judge, and BOOTH and FARIS, District Judges.

LEWIS, Circuit Judge. This is a suit to enjoin the collection of taxes levied on complainant's main track, side tracks and buildings as a special assessment for construction of roads in Road Improvement District No. 1, Hot Spring County, Arkansas. A preliminary injunction was denied and the appeal is from that order. The relief sought· is based upon many grounds. It is charged that the assessment and the procedure upon which it was based is violative of due process, equal protection of law, confiscatory in its effect, and that the tax is unreasonable, unjust and exorbitant, a plain abuse of power exercised without any regard to the benefits received and grossly disproportionate between it and the owners of other property within the district.

[1] The district was created by legislative Act of January 27, 1921 (Sp. Laws 1921, p. 16, amended Feb. 18, 1921 [Sp. Laws 1921, p. 228]), and includes more than 90% of the territory of the county. It has a board of commissioners composed of four members, three of whom are named such in the Act, to continue in office for two years and until their successors are elected and qualified. The county judge of that county is made chairman and ex officio member. The board has a collector, treasurer and secretary. It is empowered to contract, sue and be sued, and is especially entrusted with the improvement of designated roads within the district. The Act divides the roads to be improved into seven sections, and describes the route and termini of each. Five of them radiate from Malvern, the county seat, which is a station on appellant's line. The other two are cross-roads. The aggregate length of them is 138.84 miles. Sections 1, 2 and 4 of the Act declare that all lands and real property, including city and town lots, railroad rights of way, tram roads and telegraph and telephone lines, lying in Hot Spring County and situate within five miles of any part of the respective roads described in the Act, are formed into an improvement district for the purpose of improving each of the roads, and that lands within the designated distance from each road is found to be benefited by the improvement of those particular sections of road. It requires a survey of the roads, that plans be gotten up for the improvement of them, and an estimated cost of improving each section be made and filed with the county clerk. The plans thus prepared must have the approval of the board, and also of the county court, before the improvements can be made. This was done, and the report disclosed that the total estimated cost of improving all ·seven sections of the road would be $727,640. Section 7 of the Act directs:

"As soon as the plans or report of the commissioners has been approved by the county court, the commissioners shall make an assessment of benefits to be derived by each tract, lot and parcel of lands within the several sections, assessing the benefits that will be derived·from improvement of each section of said road separately against the lands in its respective sections, and shall enter in their assessment books opposite each tract and parcel of land the benefits that will be received from the improvement of each section· of said road."

The basis fixed by the Act on which assessments were to be made is that of benefits. The commissioners were empowered to ascertain the amount of benefits which in their judgment would accrue to each tract on account of the improvement, and then lay the assessments accordingly. They derived their powers from the Act, and in making assessments were restrained to proceed as the Act directs. They were not at liberty to use some other basis or adopt some other method of ascertainment of benefits and assessments. Page & Jones on Taxation by Assessment, § 234. The bill alleges, an exhibit shows, and one of the commissioners testified that they made the assessments by taking a per cent. of the assessed value for general taxation of property within the district. A segment of appellant's right of way 26.33 miles long lies within the district. Assessment benefits of $100,950.10 were made against appellant's main track, side tracks and five buildings, payable as the Act requires, in twenty consecutive equal installments. The assessed value of appellant's property for general taxation amounted to $1,091,030, and the benefits assessed were arrived at by taking 12% or less of that value. The method pursued is shown in exhibit found in the record and here copied, in so far as it relates to section 1 of the road:

"Re-Assessment of Railroads in Hot Spring County Road Improvement District No. 1.
Missouri Pacific Railroad Company.

| Road Section. | Miles. | Zone. | County and State Assessed Value. | Total Benefits. |
|---|---|---|---|---|
| No. 1 Main track | 8 | 1-2-3 | $240,000.00 | $14,400.00 |
| Side track | 5.26 | 1 | 15,780.00 | 1,893.60 |
| Buildings | | 1 | 7,120.00 | 854.40" |

It is similar in form as to other sections of road, and discloses a variation in per cent. of levy on main track, side tracks and buildings. Special assessments on the basis of benefits rest upon the assumption that the property on which the assessments are made will be enhanced in value, and that the enhancement will fairly equal the assessment it is made to bear. The Act was framed upon that assumption, and the commissioners were empowered to enforce its purpose; but they did not do so; they adopted the assessed valuation as a basis. It is our opinion that in pursuing that method all of their assessments were void. The error came about, we think, by misapplication of the provisions of section 8 of the Act, which we presently consider.

It is urged by appellees that there is no ground for complaint on account of the method of assessment adopted by the board because, it is claimed, farm lands within the district were assessed benefits of 24% of their assessed value for general taxation, while appellant's property was assessed not more than 6 to 12% of its assessed value. But additional facts show there is no merit in this contention, because, from the uncontradicted testimony appellant's property was assessed at a higher per cent. of its value for general taxation than was other property in the district. The proof is that appellant's property was assessed at at least 60% of its value. One of the commissioners testified

that farm lands in the district were in his judgment assessed as high as 50% of their value. Two other witnesses, both familiar with land values in Hot Spring County and residents there, testified that farm lands were assessed at not exceeding 25% of their value. One of them was in the real estate business and had loaned a great deal of money on lands in the county. The other had been county clerk and also county judge of the county. Another witness in the employ of appellant testified that he had made an investigation as to the value of lands in that county, and that in his opinion they were taxed at not more than 15% of their value. Appellant's property is assessed for general taxation by state officers, farm lands and town lots by county officers. On this it seems clear that the assessed valuation for general taxation could under no condition be considered a fair basis and safe guide for an equitable and just distribution of these special assessments. The basis used by the commissioners was not only not permissible under the Act, it was also arbitrary, inequitable and grossly unjust. This conclusion is forcibly demonstrated in another way. Appellant's right of way within the district on which its main track, side tracks and buildings are located contains about 500 acres. The benefits assessed against it, figured on this basis, would be a little more than $200 per acre. The uncontradicted proof discloses that farm lands lying along its right of way are assessed total benefits of $2.40 per acre. It is no answer to this unjust and unequal distribution of burdens to say that the farm lands were assessed a benefit of 24% of their assessed value ($10 per acre) for general taxation, while appellant's property was only assessed an average of less than 10% of its assessed value. This resulted in burdening appellant's property for the improvement more than eighty times as much as that placed on farm lands, when the two classes of property are considered as acreage. The result, we think, demonstrates that the action of the commissioners was "palpably arbitrary and a plain abuse," and violative of the Fourteenth Amendment. Houck v. District, 239 U. S. 254, 36 Sup. Ct. 58, 60 L. Ed. 266; Myles Salt Co. v. Board of Commissioners, 239 U. S. 478, 36 Sup. Ct. 204, 60 L. Ed. 392, L. R. A. 1918E, 190; Wagner v. Baltimore, 239 U. S. 207, 36 Sup. Ct. 66, 60 L. Ed. 230; Gast Realty Co. v. Schneider Granite Co., 240 U. S. 55, 36 Sup. Ct. 254, 255, 400, 60 L. Ed. 523, 526, 1239; Miller & Lux v. District, 256 U. S. 129, 41 Sup. Ct. 404, 65 L. Ed. 859; K. C. So. Ry. Co. v. District, 256 U. S. 658, 41 Sup. Ct. 604, 65 L. Ed. 1151; Thomas v. K. C. So. Ry. Co. (C. C. A.) 277 Fed. 708.

Turning to Section 8 of the Legislative Act, it reads thus:

"As soon after the assessment of benefits has been completed as is practicable, the commissioners shall make an order providing that there shall be assessed against the real property in the several sections of said district such proportion of the assessment of benefits as will be sufficient to complete the improvement of that section of road and pay its proportion of the general expenses of the district; and shall provide in said order the annual installments in which said levy shall be paid, not to exceed in any one year twelve mills on the dollar and the valuation of the present assessed value of all the lands in the respective sections as shown by the county tax books shall be

accepted as the basis of the twelve mill limit; and no piece of property, regardless of how many sections it may be situated in, shall be taxed in any one year so as to exceed the limit of twelve mills on the present assessment."

This is not a standard set up by the Legislature as a basis by which the board was authorized to measure and fix benefits and make assessments; it is clearly no more than a limitation on the power of the board as to the extent of benefits to be assessed by it.

[2] There is another serious objection. The Constitution of Arkansas (article 16, § 5), exempts from general taxation:

"Public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity."

The Supreme Court of Arkansas, in construing this section of the Constitution, held in Board of Improvement v. School District, 56 Ark. 354, 19 S. W. 969, 16 L. R. A. 418, 35 Am. St. Rep. 108, that public school property was not subject to assessment for local improvements, the Chief Justice dissenting; but we have not been advised that that court has construed the section as exempting the other properties named from assessment for local improvements. Under the uniform rule they are not exempt from assessment for special benefits. Page & Jones, supra, § 588 et seq. We must assume that in the county seat town there are such other properties. They are all exempt from general taxation, and therefore are not on the county assessor's books, and under the method pursued by the commissioners they have been relieved from their just share of the cost of the proposed improvement.

Again, but for what is said in Branson v. Bush, 251 U. S. 182, 40 Sup. Ct. 113, 64 L. Ed. 215, we would be disposed to hold the assessment void because imposed on main track, side tracks and buildings rather than on right of way. The former is constantly changing, it is not stable and may be renewed many times or entirely moved away during the life of the improvement. It is not the kind of property on which assessments for local improvement are usually made. The latter is of that class, it is real estate, and the legislative Act seems to carry the intention that it should be assessed for the benefits which the commissioners might find would accrue to it. A more careful and extended comparison of the Act in that case with the one in this, than now necessary, may lead to the conclusion that the Branson Case has no bearing on the point. But this question has not been argued, and we leave it undecided.

Returning to Section 8 of the Act, it does not provide that the improvement shall be abandoned if the benefits to any tract shall be found to exceed more than 24% of the assessed value, i. e., 12 mills per annum for 20 years, but authorizes the board to proceed with the improvement. In order to do so it necessarily follows that tracts not receiving benefits to the amount of the maximum limit would have their assessment increased above the benefits which they actually received to

an amount equal to the benefits received by other tracts in excess of the limit. To illustrate, if half of the lands would receive actual benefits of $5 per acre, and the other half $15 per acre—in an aggregate amount sufficient to pay for the improvement, but there be a limitation of benefits to $10 per acre, then the lands receiving the lower measure of benefits must be unjustly burdened with twice the amount of benefits actually received, and those receiving benefits of $15 per acre relieved of paying for one-third of the benefits which they receive. This is what the Act as a whole authorizes and what the commissioners did as between appellant and owners of farm lands. But we refrain from answering the challenge to the validity of the Act on this ground. It is unnecessary to do so now. We prefer to rest the reversal on the action of the commissioners for the reasons stated. A decision as to the validity of the Act may not become necessary.

Reversed with directions to grant the temporary writ.