OGDEN LEVEE DIST. et al. v. KANSAS CITY SOUTHERN RY. CO. et al.

KANSAS CITY SOUTHERN RY. CO. et al. v. OGDEN LEVEE DIST. et al.

Nos. 8585, 8586.

Circuit Court of Appeals, Eighth Circuit.

Feb. 20, 1930.

Paul Jones, of Texarkana, Ark. (Seth C. Reynolds, of Ashdown, Ark., and Paul Jones, Jr., of Texarkana, Ark., on the brief), for Ogden Levee District and others.

A. F. Smith, of Waldron, Ark. (Frank H. Moore, of Kansas City, Mo., James B. McDonough, of Fort Smith, Ark., and S. W. Moore, of New York City, on the brief), for Kansas City Southern Ry. Co. and others.

Before STONE and GARDNER, Circuit Judges, and MILLER, District Judge.

STONE, Circuit Judge.

The Ogden Levee District was organized under the laws of Arkansas. Kansas City Southern Railway Company and the Texarkana & Ft. Smith Railway Company have a line of railway running through the district. The purpose of the present action, brought by the railways, is to enjoin the prosecution of three suits brought by the district against them, in the state court, to enforce levee taxes assessed against the railways for the years 1924, 1925, and 1926, respectively. Also this action sought to enjoin the collection of similar taxes for the year 1927. After a hearing upon the merits, the trial court perpetually enjoined the three state court suits, and declared void the assessments against the railways for the years 1924 to 1927, inclusive, giving to the district the right to assess benefits and assessments against the railways in a sum not to exceed $100 a year for the above years. Also the court enjoined the levying of taxes against the railways subsequent to the year 1927, "except in conformity with the principles declared in this decree, and the court retains jurisdiction in this cause in order to carry out the purposes and orders herein made in this decree."

From this decree, the district brings one of these appeals. After the district had appealed, the railways brought a cross-appeal, challenging the validity of any assessment.

### Main Appeal.

The main appeal presents three issues: First, the jurisdiction of the court; second, whether the issues here involved are res adjudicata; third, that the assessment is valid. It is unnecessary to separately discuss the issue of res adjudicata except somewhat in connection with the third issue of validity.

### I. Jurisdiction.

In 1924 the same railways brought an action against this levee district to enjoin the collection of the levee district taxes for 1923.

An amended bill was filed therein in which it is stated that "the amount involved includes not only the taxes and assessments for the year 1923, but those for future years." The prayer of the amended bill was to enjoin the defendants "from proceeding to collect any assessments whatever against the plaintiffs' property." At the time that action and the amended bill were filed, only the tax for 1923 was due, but some of the grounds alleged therein as showing the invalidity of the tax for 1923 were broad, and were intended to strike at all right to assess for any year. That case reached this court, and was decided by an opinion appearing in 15 F.(2d) 637. That opinion expressly avoided determining the broad question (applicable to all assessments) as to whether the method of assessment was invalid under the state Constitution (page 640 of 15 F.[2d]). Besides disposing of several matters urged by the district in bar to the merits, the decision of this court was based flatly upon the proposition that the tax was palpably discriminatory and arbitrary. The closing paragraph of the opinion is as follows (page 644 of 15 F.[2d]):

"Some suggestion is made in the brief of appellees that the amount involved was not sufficient to give jurisdiction to the federal court. The suit was to restrain the enforcement of a tax of $2,443.50 and penalties for the year 1923, and to enjoin the levy and exaction of similar taxes and penalties in the future. Appellees filed a counterclaim for enforcement of the tax and penalties. As the penalties apparently were $610.87, the amount involved was slightly more than $3,000. We see no reason why the penalties sought to be recovered are not to be construed as part of the amount involved. As to appellants, we conclude the tax assessed for the year 1923 was illegal, and that the trial court should have entered a decree annulling it; as to assessments subsequent to that year we entertain no doubt that, in view of this holding, a readjustment and equalization thereof can be made. We pass only on the 1923 tax. The case is reversed, and remanded to the District Court for a decree in harmony with the views herein expressed."

Shortly after the mandate had been filed below, the district brought a suit in the state court for collection of the taxes and penalties due for the year 1926, and three days later brought two other suits, one for the taxes and penalties for the year 1924 and the other for those of 1925. The railways sought to remove these cases, but, upon motion to

remand, they were sent back to the state court for lack of requisite amount—the amount of the taxes and penalties in each case being slightly under $3,000. Thereafter the railways filed a "supplemental bill of complaint" in the former action in the federal court. In that bill, jurisdiction was based upon two grounds, first, that the former amended bill covered taxes subsequent to 1923 and a supersedeas appeal bond had been made which would cover such taxes, but that in spite thereof the assessments for these subsequent years had been made pending the former appeal and while that bond was in force; and, second, that while the Court of Appeals had not determined that taxes subsequent to the tax of 1923 were void, yet it had left that matter open after laying down the principles to govern such future assessments, and had remanded the case for proceedings in the trial court in harmony with, the opinion of this court, and that, although such mandate had been filed in the trial court and the railways were prepared and ready to proceed with the trial of the issues thereon, nothing further had been done, and that to permit the trial of the cases in the state court would amount, in effect, to nullifying the judgment of this court.

The district attacks the jurisdiction of the court on the ground that the prior suit involved, and there was determined therein, only the taxes for 1923, and that this court declared that the taxes for each year were a separate and distinct matter, and that such taxes are separate and distinct matters, because the district has the right to revise assessments, and that it has done so; therefore that no supplemental bill could be filed in the original proceeding covering the taxes of subsequent years.

The railways not only challenge this position, but contend that the district cannot attack the jurisdiction, because, first, it has waived its right to do so by not appealing from the denial of a motion to dismiss the supplemental bill; second, because the district has waived its right by asking for affirmative relief. The railways contend also that there is a defect in parties defendant, since the suits in the state court were against one of the railways, which was lessee, without joining the other railway, which was owner of the railway property within the district.

■■ As this challenge of jurisdiction goes to the subject-matter, there can be no waiver thereof, and, therefore the district can make its attack. However, this attack is not well

taken. This court based its former decision upon the arbitrary and unreasonable character of the tax for 1923. It reached that conclusion for two reasons stated in the opinion. The first of these was because the tax against the railways was out of all proportion to the taxes laid against other property in the district; the second, because the tax against the property of the railways was out of all proportion to any possible benefits that property could receive from the levee improvements. So far as that ground and those reasons are concerned, it is obvious that the tax against the property of the railways for years subsequent to 1923 might be so reduced in amount and in relation to the taxes assessed against other property in the district that it would cease to be arbitrary. Also, as this court recognized the existence of some benefit to the railways property, there could be some assessment which would meet the objections of unreasonableness and arbitrariness. It was with the hope and expectation that the district would follow out such a line of procedure that this court did not consider and determine the issues of attack made in the amended bill which would, if found good, have defeated any assessment at all against the property of the railways. In short, the court sought to end the controversy as to the immediate assessment of 1923 and to point out to the officials of the district the way in which future difficulties regarding such assessments against this property might be avoided. It can hardly be expected that this court intended, even if it had the power, to restrict the jurisdiction in that suit to the bare taxes of 1923. The amended bill therein raised issues broad enough to properly cover the taxes of 1923 and all subsequent years. That bill expressly averred an attack upon all of such taxes. This court took no action which reduced the scope of that jurisdiction, if it had the power to do so. Therefore the parties to that controversy had the right, by subsequent supplemental bills, to bring into it any or all of the matters comprehended in the amended bill. The jurisdiction of the court should be sustained and is.

## II. Validity.

■ We think the invalidity of the tax for the four years here involved is clear. The parties have introduced the evidence on the former trial and some additional evidence. This new evidence has not changed the essence, although it has varied the extent of the injustice of these assessments. As to the discrimination between the railway property

and other property in the district, the showing is as follows:

| Year. | Railway lands. | Other lands. | Railway % |
|---|---|---|---|
| 1923. | 2,443.50 | 1,675.99 | 59% |
| 1924. | 2,357.75 | 1,346.20 | 62% |
| 1925. | 2,357.75 | 2,580.80 | 47% |
| 1926. | 2,298.22 | 2,580.90 | 46% |
| 1927. | 1,609.24 | 3,526.06 | 31% |

The entire railway property within the district was 24.4 acres, being the right of way and trackage—the trackage consisting of 1.-81 miles of main track and about one-third of a mile of side track, while the other acreage taxed ranged from 2,716 to 2,569 in the five years shown on the above table. We cannot look at these figures and escape the conviction that to charge railway property of that small amount and that character with that proportion of taxes for a work which primarily and principally benefits the other property in the district is palpably arbitrary and unreasonable and a taking of property without due process of law. It is confiscation under the cloak of taxation.

Aside from the discrimination of the comparative taxes above, it is equally clear that the amounts levied against the railways are out of all proportion to the benefits which they receive. The evidence on this appeal does not change the determination reached by this court on the former appeal that this improvement "is of little benefit" to the property of the railways. On the former appeal, this court condemned the tax, not only because it was discriminatory, but because it was unreasonably "excessive." The taxes for 1924 and 1925 are less than $100 under the very figures condemned on the former appeal. The tax for 1926 is about $150 less; while the tax for 1927 is two-thirds as much as the tax for 1923. The conclusion is inescapable that these taxes are not only discriminatory but are unreasonably excessive and arbitrary.

### Cross-Appeal.

The cross-appellants state that, while they think $100 a year exceeds the benefits received by the railway companies, they would not have contested such an assessment, and would have abided by the decree below had the district not appealed, but, as that appeal was made, they urge three matters upon their cross-appeal.

I. The first of these is that the method of assessment prescribed by the statute is invalid because it is unreasonable, discriminatory, and unconstitutional. The method of assessment prescribed by the statute is to levy not to exceed 4 per cent. annually upon the valuation assessed against real estate by the county officials and the value of railway property as appraised by the board of railway commissioners. These valuations are made for purposes of general taxation. It has been said by this court several times, and is obviously true, that valuations for purposes of general taxation have no necessary relation to benefits derived by property from an improvement in a benefit district. K. C. So. Ry. Co. v. Ogden Levee District [C. C. A.] 15 F.(2d) 637, 640; Thomas v. K. C. So. Ry. Co. [C. C. A.] 277 F. 708, 712. On the other hand, it can hardly be said that such values could never have any relation to benefits and could never constitute a fair basis therefor. Fallbrook Irrigation District v. Bradley, 164 U. S. 112, 176, 17 S. Ct. 56, 41 L. Ed. 369; Mo. Pac. Ry. Co. v. Road Improv. Dist., 288 F. 502, this court. The existence and extent of such relation would vary with, and depend upon, the circumstances of individual cases. Also, in determining a basis for such benefits, the Supreme Court recognizes that the Legislature must have as wide choice as possible under the Constitution. K. C. Southern Ry. Co. v. Road Improvement District, 266 U. S. 379, 45 S. Ct. 136, 69 L. Ed. 335. Therefore, we think we cannot say that this method is, per se, invalid. Nor is it necessary to a determination of this case to decide whether such method, as here applied or as properly applicable to these facts, is void.

II. It is contended that the railways should be relieved from the payment of any further taxes to the district because they have already paid such a large amount of illegal taxes thereto. From 1909, when the district was organized, to 1922, these railways have paid to the district taxes amounting to $27,412.83. Unquestionably, the largest part of this amount was an illegal exaction. However, it was one to which the railways submitted. The taxes for each of those years was paid without relation to the taxes for any other year. The railways cannot now take advantage of that situation. They would be powerless to collect from the district these illegal exactions which they have seen fit to pay, and they should not be permitted to reach the same result indirectly.

III. The railways contend, also, that they should not be compelled to pay further taxes because the district has received from the railway companies benefits far in excess

888

of those received by the railway companies from the district. The benefits given by the railways which are here intended are, first, the situation of the railways in the district which has benefited the development of the district by affording an avenue to markets for the crops raised therein; and, second, because of the construction of jetties and improvements constructed by the railways to protect its bridge from the Red river, which borders and menaces the district. We cannot take either of these grounds very seriously.

### Conclusion.

The district desires this court, if it shall deem these taxes invalid, to indicate an amount which would be reasonable as an assessment. The trial court sought to do this, and fixed the sum at not to exceed $100, annually, for the years 1924 to 1927, inclusive. The practical benefit of such a procedure is, of course, evident. Whether this court, or any court, can do this, raises a very serious question. Such results have been reached in rate cases through the roundabout method of conditions attached to the issuance of injunctions. Possibly this request could be met, but it is plain that it is not obligatory. As it is apparently the wish of all parties that such should be done, and because of the practical benefit in so doing, we have concluded to accede to this request of the district. We have painstakingly examined the evidence with this in view. It is difficult to determine such a matter, because it must, within certain limits, be a matter of opinion. Here, the benefits to the railways seem to be very slight. We see no reason for overturning the conclusion reached by the trial court.

The result is that the decree should be, and is, affirmed.