### BARTLETT TRUST CO. v. ELLIOTT, Treasurer, et al.

### No. 8665.

Circuit Court of Appeals, Eighth Circuit.

April 7, 1930.

Culver, Phillip & Voorhees, of St. Joseph, Mo., for appellant.

Sasse & Merrill, of Brunswick, Mo., and S. J. & G. C. Jones, of Carrollton, Mo., for appellees.

Before STONE and GARDNER, Circuit Judges, and MILLER, District Judge.

MILLER, District Judge.

Appellant appeals from the order of the lower court dismissing its bill in equity seeking to enjoin certain taxes for the year 1928 levied against lands owned by it lying within the boundaries of the Garden of Eden drainage district of Chariton county, Mo., and to enjoin the enforcement of similar taxes for future years which the district threatens to levy.

#### Statement of Case.

It is conceded that the drainage district was organized in strict conformity with the statute in such cases made and provided, that the taxes complained of, both as levied and threatened, are authorized by the provisions thereof, and that, if the statute is valid, then the lower court rightfully dismissed the bill. But appellant contends that the statute is void, in that it is violative of section 1, article 14, of the Amendments to the Constitution of the United States.

The particular objections leveled at the statute are:

First, that it authorizes the formation of a drainage district only when the owners of a majority of the acreage in any contiguous body of swamp, wet, or overflow lands shall have signed articles of association praying for the formation of such district and have filed the same with the circuit court, in which the signers obligate themselves to pay the taxes assessed against their lands, to pay the costs of organization and of the improvements necessary to reclaim and drain the lands so formed into a drainage district, with a prayer that the lands described therein be declared a drainage district.

That the only notice provided by the statute to owners of lands embraced within the limits of said proposed district, who have not signed the articles, is a notice given to all persons to appear at the next term of court and show cause why said drainage district should not be formed, and providing that any owner of land within said proposed district, who may not have signed said articles of association, objecting to the organization of said drainage district, shall, on or before the first day of the term of court at which the cause is to be heard, file his objections why such drainage district should not be organized. Such objections shall be limited to a denial of the statements in the articles of association.

That the statute does not require the articles of association to allege that the lands embraced within its limits is a contiguous

body of swamp, wet, or overflowed lands, or that the district is formed for the purpose of having the lands therein contained reclaimed for sanitary or agricultural purposes or as conducive to the public health, convenience or welfare of the public, or that the lands will be benefited, or that the land of every owner within the proposed boundaries is swamp, wet, or overflowed lands, but only requires the articles of association to state (1) the name of the proposed district; (2) the number of years it is to continue; (3) the boundaries; (4) the name of the owners and the description of the land owned by each, and that the signers obligate themselves to pay the taxes assessed against their land to pay the cost of organization and of the improvements necessary to reclaim and drain the lands so formed into a drainage district. Therefore, by limiting the objections of objecting landowners to a denial of the statements in the articles of association, the objecting landowners are precluded from showing that their lands were not swamp, wet, or overflowed lands, or could not be benefited in any way by the plan of reclamation, or that the object of the incorporation is not for a public purpose but a private enterprise, thus resulting in the taking of property without due process of law, and violative of the Fourteenth Amendment.

Second, the statute provides that every acre of land within the proposed drainage district, whether hill, swamp, or overflowed lands, or whether it is benefited from the carrying out of the plan for reclaiming any land in the district, is subject to an arbitrary tax of fifty cents an acre to cover the cost of incorporation.

█ The case was tried on the allegations of the bill, answer, and an agreed statement of facts.

Appellant's rights, therefore, are necessarily limited to the allegations contained in its bill and the proof under the statement of facts.

. In this connection it may be noted that neither in the bill is it charged, nor in the agreed statement of facts on which the case was tried is it claimed, either (1) that the lands owned by the signers are not wet, swamp, or overflowed lands; or (2) that the lands embraced within the boundaries of the proposed district were not of that character; or (3) that the lands of the appellant were not of such character; or (4) that they were such as could not be benefited by the plan of reclamation; or (5) that the object of the incorporation was not a public purpose but a private enterprise.

We must therefore assume that the lands of the owners, who signed the articles of association, were swamp lands, and that the lands of the appellant were swamp lands; that they were such as could be benefited by the plan of reclamation, and that the formation of the district was for a public purpose.

█ It thus appears in this case that none of the alleged objectionable features contained in the statute actually prejudiced the appellant, for it is clear that, if its lands were swamp lands of the character named in the statute and benefited by the improvement, then lack of an opportunity to prove that such lands were not swamp lands could in no wise work to its injury or prejudice. In other words, prejudice cannot result from lack of opportunity to prove something not provable.

Appellant then is in the position of asking this court to declare a statute unconstitutional in the abstract without any showing that it was injured because of such alleged unconstitutionality.

In the case of Louisville & Nashville Railway Co. v. Finn et al., as Railroad Commissioners of Kentucky, 235 U. S. 601, 35 S. Ct. 146, 150, 59 L. Ed. 379, it is said: "This court does not sit to pass upon moot questions; and, as has been often pointed out, it is incumbent upon one who seeks an adjudication that a state statute is repugnant to the Federal Constitution to show that he is within the class with respect to whom it is unconstitutional, and that the alleged unconstitutional feature injures him, and so operates as to deprive him of rights protected by the Constitution."

In New York ex rel. Hatch v. Reardon, 204 U. S. 152, 27 S. Ct. 188, 51 L. Ed. 415, 9 Ann. Cas. 736, the court says: "Although a statute, unconstitutional as to one, is void as to all, of a class, the party setting up, in this court, the unconstitutionality of a state tax law must belong to the class for whose sake the constitutional protection is given, or the class primarily protected."

Southern Railway Co. v. Josephine King, 217 U. S. 524, 30 S. Ct. 594, 54 L. Ed. 868: "One who would strike down a statute as unconstitutional must show that it affects him injuriously and actually deprives him of a constitutional right." See, also, Mallinckrodt Chemical Works v. State of Missouri, 238 U. S. 41, 35 S. Ct. 671, 59 L. Ed. 1192; Plym-

...outh Coal Co. v. Commonwealth of Pennsylvania, 232 U. S. 531, 34 S. Ct. 359, 58 L. Ed. 713.

Appellant's bill, however, does allege, and the agreed statement of fact shows, that every acre of land within the district, whether hill land or swamp land, is subjected by the statute to an arbitrary tax of fifty cents per acre to cover the cost of the preliminary investigation as to whether the land should be included in the district; that neither Evernham, who owned the land at the time of the formation of the district, or the appellant, the present owner thereof, nor any intermediate grantor, signed said articles of association.

Appellant particularly attacks this provision of the statute as unconstitutional, in that neither it nor its grantors had any opportunity to show that the lands in question should not be included therein or would not be benefited by such improvement, and therefore not subject to such preliminary tax.

But here again we are met by the presumption that appellant's lands are swamp lands and benefited by the improvement, and, too, it does appear from the agreed statement that the district was organized in 1916, when one Henry E. Evernham, Jr., was the owner of said land, that appellant did not become the owner thereof until 1927, and that said Evernham paid the taxes assessed against the same up to the year 1926, and therefore may have paid all of the flat tax of fifty cents per acre. At any rate, no showing has been made that such flat tax has not been paid. In the absence of such showing, there can be no prejudice. Not having brought itself within the class authorized to attack the constitutionality of the statute, that question is not properly before us.

For the reasons above stated, this case must be affirmed; but, in affirming it on the ground that the constitutionality of the statute is not properly before us, we do not wish to intimate that in our opinion the statute is unconstitutional. On that point see Houck v. Little River Drainage District, 239 U. S. 254, 36 S. Ct. 58, 60 L. Ed. 266; Miller & Lux v. Sacramento & San Joaquin Drainage District, 256 U. S. 129, 41 S. Ct. 404, 65 L. Ed. 859; Valley Farms Co. v. Westchester County, 261 U. S. 155, 164, 43 S. Ct. 261, 67 L. Ed. 585; Missouri Pacific Ry. Co. v. Western Crawford Road Improvement District, 266 U. S. 187, 190, 45 S. Ct. 31, 69 L. Ed. 237.

Affirmed.