### FOSTER et al. v. BAY et al.
#### No. 12518.

Court of Civil Appeals of Texas. Galveston.

Feb. 26, 1953.

Rehearing Denied March 12, 1953.

Hulon C. Hall, Navasota, Grace & Palmos and Bill Palmos, Hearne, Walter R. Koch and Gaynor Kendall, Austin, for appellant. On Original Submission:

Price Daniel, Atty. Gen., of Texas, E. Jake Jacobsen and Phillip Robinson, Asst. Attys. Gen. of Texas, Charles L. Black, Austin, Carlos B. Masterson, Angleton, Fulbright, Crooker, Freeman and Bates and Charles W. Bell, Houston, for appellees. On Rehearing:

John Ben Shepperd, succeeding Price Daniel as Atty. Gen., for appellees.

GRAVES, Justice.

This is an appeal from a judgment of the District Court of Grimes County, Texas, denying a permanent injunction, a declaratory judgment, and all other relief sought by appellants, four land-owning taxpayers of Grimes County, suing for all others similarly situated, against the appellees, the State Automatic Tax Board and others, acting pursuant to the authority allegedly conferred upon them by Article VIII, Section 1–a, of the Texas Constitution, Vernon's Ann.St., and Article 7048a, Vernon's Civil Statutes, as amended.

Under this provision of the Constitution and the enabling statute, such Board authorized the levy, in 1951, of a State ad valorem tax, of 30¢ per $100 valuation in Grimes County, and the other nine counties, whose taxes had been donated or "remitted," to the Brazos River Conservation and Reclamation District, for the purpose of aiding in the construction of dams on the Brazos River, and particularly what was called the "Possum Kingdom Dam."

Pursuant to the same authority, no State ad valoren tax was levied in 1951 in the counties of the State, from which no such donation, or remission, of taxes had been made by the Legislature.

At the trial, Anderson and 53 other Texas counties intervened on the side of the defendants so sued, and are now also appellees in this Court.

Seeking a reversal, the appellants present two points of error, which, in boiled-down substance, were these:

Point One, with its subsidiaries A. and B., being to this effect:

### Point One.

"The challenged tax levies and the enactments purporting to authorize them deny to Appellants the equal protection of the laws, in violation of the 14th Amendment to the Constitution of the United States.

"A.

· "The fact that the Legislature had previously allocated to the Brazos District not exceeding $309,000 per year of the proceeds which for a fixed term might be collected within Grimes County and nine others from the property tax imposed uniformly throughout the State for general revenue purposes, was not a valid basis of classification, upon abolition of the tax elsewhere within the state, for continued taxation by the State of the properties in said ten counties during the unexpired term of the allocation.

"B.

"The challenged levies cannot be sustained upon the assumption that they are imposed upon properties deriving special benefits from the uses to which the proceeds of the levies are devoted."

### Point Two.

"The 'freezing' of the sums allocated to the Brazos District from the state-wide levies collected within each of the ten named counties, to an amount based on their respective 1934 valuations, results in gross discrepancies among them in the rate of tax now necessary to raise the specified sum within each county, and is an invalid basis of apportionment even for special assessment."

Neither of these presentments, it is determined, should be sustained.

The establishment and operation of what is termed the "Brazos River Conservation and Reclamation District of Texas", created by Chapter 13, Local and Special Laws, 41st Legislature, 2nd Called Session, which became effective October 2nd, 1929, see art. 8197f, V.A.T.S., note, resulted in litigation long before the cause now at Bar originated, which was determined by the Supreme Court of Texas on February 5, 1936, in Cause No. 7021, on its docket, styled Brazos River Conservation and Reclamation District v. McCraw et al. which was reported in 126 Tex. 506, 91 S.W.2d 665.

In the cited cause our Supreme Court, in full review of the nature and objective of that body, held it not to be obnoxious to the objections raised by the Attorney General of Texas to its legality in a large number of objections he had made in support of his refusal to approve a proposed bond issue of $3,600,000, such District sought to issue in futherance of the objectives of its creation. In other words, in the McCraw

case, the appellee authority was vindicated by the Supreme Court of any violation of the Constitution ·of Texas, and the appellees urge that that decision—in its reaches—in effect controls the present cause also, despite the fact that it rests upon the claim of violation of the 14th Amendment to the Constitution of the United States only.

This Court is constrained to agree with the appellees; wherefore, it holds that the decision in that cause is binding upon the courts of this State, at least, under the principle of stare decisis.

■ That ancient and honorable doctrine is still extant in Texas, and it is thought the application of it herein to the Supreme Court's opinion in the McCraw case will be an appropriate recognition. Benavides v. Garcia, Tex.Com.App., 290 S.W. 739; Rossetti v. Benavides, Tex.Civ.App., 195 S.W. 208, error refused; Lyle v. State, 80 Tex.Cr.R. 606, 193 S.W. 680; Short v. W. T. Carter & Bro., 133 Tex. 202, 126 S.W.2d 953; W. T. Carter & Bro. v. State, Tex.Civ.App., 139 S.W.2d 661; Neilson v. Schoellkopf, Tex.Civ.App., 122 S.W.2d 281, error refused; American National Ins. Co. v. Warnock, Tex.Civ.App., 143 S.W.2d 624, error dismissed, judgment correct; Daniel v. Kittrell, 188 S.W.2d 404, error refused. w. o. m.

The undisputed facts in this record show that the very ten counties—including Grimes, where the four appellants' lands lay—were located in the very vortex of the recurring floods the Supreme Court held to constitute a public calamity; it further declared that such situation lay at the base of the original Act of the Legislature so remitting the State ad valorem taxes from Grimes and the other nine counties so characterized by the Supreme Court, on page 668 of 91 S.W.2d. That court attached to its opinion a map of the land itself, showing the location within the Brazos River District of the ten remission counties, so referred to, in the shaded portion of such District, which ran down to the Gulf of Mexico; such map showing plainly the boundary lines of the entire District, as well as the exact location of such ten counties therein, including Grimes.

It thus seems to this Court that the Supreme Court has, in the McCraw case, in necessary effect at any rate, upheld the constitutionality of the original Act so remitting the State ad valorem taxes from Grimes, and the other nine counties in the Brazos River Reclamation District; if so, as this Court views that result, this appeal must fail.

■ In sum, it holds, First: that it was competent for the Texas Legislature, without violation of the Federal Constitution in its 14th Amendment, to finance the public improvements undertaken by the Brazos River District to stop pre-existing public calamities, caused by such recurring floods in that area, to donate, grant, or turn over, taxes collected from Grimes and the nine other counties within the area specially benefited by the dams projected therein. Article VIII, Section 1–a, of the Texas Constitution, and Article 7048a, Vernon's Civil Statutes, as amended; County of Mobile v. Kimball, 102 U.S. 691, 26 L.Ed. 238; Hagar v. Reclamation Dist., 111 U.S. 701, 4 S.Ct. 663, 28 L.Ed. 569; Spencer v. Merchant, 125 U.S. 345, 8 S.Ct. 921, 31 L.Ed. 763; Fallbrook Irrigation Dist. v. Bradley, 164 U.S. 112, 17 S.Ct. 56, 41 L.Ed. 369; Williams v. Eggleston, 170 U.S. 304, 18 S.Ct. 617, 42 L.Ed. 1047; Miller & Lux, Inc. v. Sacramento & San Joaquin Drainage Dist., 256 U.S. 129, 41 S.Ct. 404, 65 L.Ed. 859; Garland Co. v. Filmer, D.C. N.D.Cal.1932, 1 F.Supp. 8; Tom Green County v. Moody, 116 Tex. 299, 289 S.W. 381.

■ Second, as recited supra, the decision of the Supreme Court in Brazos River, etc., District v. McCraw, cited supra, is authority for the affirmance of the trial court's judgment in this case, because presumably at least, that court examined, in construing such remission statute, what was presumed by the Legislature in passing such Act—that Grimes, and the other nine remission counties, had been specially benefited by the projected dams by the Reclamation District—and held such presumed results to be correct. Brazos River Conservation and Reclamation District v. McCraw, 126 Tex. 506, 91 S.W.2d 665; Owens v. Tedford, 114 Tex. 390, 269 S.W. 418;

McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459; Teat v. McGaughey, 85 Tex. 478, 22 S.W. 302; Wooten v. Rogan, 96 Tex. 434, 73 S.W. 799; West v. Terrell, 96 Tex. 548, 74 S.W. 903; Love v. Wilcox, 119 Tex. 256, 28 S.W.2d 515, 70 A.L.R. 1484.

Further discussion is deemed unnecessary, in the realization that this Court is one of intermediate jurisdiction, and that its determination herein may also reach for a review in the same court that rendered the McCraw opinion, supra.

The trial court's judgment will be affirmed.

CODY, J., not sitting.